Wells vs. Perkins.

## WELLS VS. PERKINS.

INSTRUCTIONS TO JURY.    *(1) Action by son living with stepfather for labor and services rendered to him; error to omit certain instructions.*
EXCEPTIONS.    *(2) What exceptions will bring up instructions.*

1. In an action against plaintiff's stepfather, for labor and services performed by plaintiff after his majority, under an alleged agreement by defendant to pay what they were reasonably worth, one defense was, that during the time of such services plaintiff lived in defendant's family as a member of it, and performed the service in consideration of a home, clothing, etc. The court, after instructing the jury that plaintiff could not recover without showing an *express* contract of the kind alleged, further charged that if they found, from the preponderance of testimony, that defendant, on or about a day named, agreed with plaintiff to pay him for services afterwards to be rendered, and that plaintiff, in pursuance of such agreement, rendered such services, then he was entitled to recover; and that the burden of proof was on plaintiff to show both the contract and the value of his services by a preponderance of proof. *Held*, that the charge was erroneous in failing to point out the distinction between circumstances from which a contract may be implied, and circumstantial evidence of an express contract, and in failing to inform the jury that an express contract of the kind alleged "must be established by direct and positive evidence, or by circumstantial evidence equivalent to direct and positive." *Tyler v. Burrington*, 39 Wis., 376.

   [LYON, J., dissents on the ground that the record shows the verdict to rest upon the direct and positive testimony of several witnesses to an express contract, which the jury believed in preference to the defendant's testimony, and that the result could not have been affected by giving the correct rule of evidence.]

2. After verdict, defendant moved, on the judge's minutes, for a new trial, on the ground that the court erred in that part of its charge "wherein it defined the burden of proof and the amount of proof necessary" to a recovery; and he excepted to a denial of his motion. *Held*, that this was sufficient to bring up that part of the charge for review.

APPEAL from the Circuit Court for *Kenosha* County.

The nature of the action and the substance of the pleadings are stated in the opinion of Mr. Justice COLE. Among other things, the plaintiff testified as follows: "Defendant is my stepfather; he married my mother about 1865. I worked at home and lived in the family until I was twenty-one years old, which was July 1, 1872. About July 2, 1872, I thought of going out to work, and I told the defendant that I was intending to go out on the prairie to work. He said: ' I want you to stay, and I will pay you more than any one else; I can rely on you to attend to my business.' I stayed and worked for him until the 1st of January, 1877." Several witnesses for the plaintiff testified that they were present and heard the conversation above alluded to, and they stated the conversation in substantially the same manner as the plaintiff. The defendant, in his testimony, denied having had such a conversation, and denied having made any contract whatever with the plaintiff.

The defendant had furnished the plaintiff clothing, and given him small sums for spending money, and had treated him in those respects like other members of 'the family. No account had been kept between the parties, of the labor done or money spent. The plaintiff did not ask pay for his work until about November or December, 1876. As to the value of the services, the testimony was voluminous and conflicting. The instructions given are sufficiently stated in the opinion of Mr. Justice COLE.

Verdict for the plaintiff for $950. A new trial was denied;. and from a judgment upon the verdict, defendant appealed.

Brief for the appellant by *Fish & Lee*, and. oral argument by *Mr. Fish*. They argued that the court erred in its charge,. in defining the character and amount of evidence necessary to entitle the plaintiff to recover, and also erred in refusing a new trial. *Fisher v. Fisher*, 5 Wis., 472; *Mountain v. Fisher*,. 22 id., 93; *Kaye v. Crawford*, id., 320; *Hall v. Finch*, 29·

id., 278; *Pellage v. Pellage*, 32 id., 136; *Tyler v. Burrington*, 39 id., 376.

Brief for the respondent by *J. V. & C. Quarles*, and oral argument by *J. V. Quarles:*

1. There is no exception to the general charge, so that the question whether the judge properly stated therein the law as to the quantity of proof, is not before this court.   2. The rule laid down in the cases in this state as to this class of contracts, relates rather to the nature and character of the proof than to its quantity.   The cases hold that, even in this class of cases, inferential or circumstantial evidence is not to be excluded; but must be so strong as to be tantamount to direct proof. *Pellage v. Pellage*, 32 Wis., 136; *Hall v. Finch*, 29 id., 287; 1 Greenl. Ev., § 13.   3. It is too obvious for argument, that the evidence in this case was sufficient to sustain the verdict.

[Counsel on both sides argued at length other questions not considered by this court.]

COLE, J.   This is an action by a stepson to recover for labor done and services performed, after his majority, for the defendant, under an agreement to be paid what such services were reasonably worth.   One ground of defense set up in the answer was, that during the time these services were rendered, the plaintiff lived in and was a member of the family of the defendant, and performed the services in consideration of a home, clothing, board, medical attendance, and spending money, furnished him by the defendant, and denying in effect that the services were rendered under an agreement to pay for them.   The plaintiff gave evidence tending to prove the contract as stated in the complaint, but this evidence was contradicted on the part of the defendant.   At the request of the defendant, the court gave the following instructions as to what it was necessary for the plaintiff to establish in order to recover in the action:

*First.* "If you find that the plaintiff, as a stepson of the defendant, lived in his family from the year 1864 to the year 1877, receiving his board and clothing as any other member of defendant's family, and at no time was there any express contract between the parties that the defendant should pay and the plaintiff receive for his services what the same were reasonably worth, then the plaintiff cannot recover."

*Second.* "To entitle the plaintiff to recover, he must show that he made an express contract with the defendant to pay him for his services what they should be reasonably worth."

In the general charge, the court lays down the rule as to the quantity or degree of proof essential to establish the contract, as follows:

"If you find from a preponderance of the testimony, that the defendant, on or about the 2d day of July, 1872, did agree to and with the plaintiff to pay him, the plaintiff, for work, labor and services then afterwards to be done and rendered by the plaintiff for the defendant, and further find that the plaintiff, in pursuance of such agreement, did perform and render such labor and services, the plaintiff is entitled to recover in this action so much as such labor and services were reasonably worth; and the value of such services you will determine from the evidence. The burden of proof is on the plaintiff, and he must prove the contract or agreement, and also the value of the services rendered, by a preponderance of the testimony."

It seems to us this charge as to the rule of evidence by which the contract must be established, was calculated to mislead the jury to the prejudice of the defendant, and was not in strict accord with the rule as laid down in the recent case of *Tyler v. Burrington*, 39 Wis., 376. It is true, in civil cases it is the duty of the jury to weigh the evidence carefully, and to find in favor of the party in whose favor the evidence preponderates. In the above charge the court told the jury that if they found from a preponderance of the testimony that the defendant agreed to pay the plaintiff for his services, and the

services were rendered in pursuance of the agreement, the plaintiff was entitled to recover what they were reasonably worth. But no proper distinction or discrimination was made by the learned judge between the case of an express and that of an implied contract; and the jury might well have supposed from the charge that a contract or promise to pay might be inferred in this as in ordinary cases. In other words, the charge seems to be fairly open to the objection " of confounding circumstances from which a contract might be implied, with circumstantial evidence of an express contract." *Tyler v. Burrington, supra.* The rule has often been announced by this court, that the law excludes an implied contract to pay in this class of cases, and therefore the plaintiff could only recover upon an express contract, which, according to the rule in *Tyler v. Burrington,* " might be established by direct and positive evidence, or by circumstantial evidence equivalent to direct and positive."

. Consequently, it was incumbent upon the plaintiff to prove an express contract to pay as alleged in the complaint. And this contract he was bound to " establish by direct and positive evidence, or by circumstantial evidence equivalent to direct and positive." It therefore appears to us that the court below did not point out to the jury, as it should have done, the real distinction above indicated, but left them to infer from circumstances a contract to pay, as in an ordinary case between strangers, though the evidence might have failed to satisfy them that an express contract was actually made.

. It is, however, claimed by the learned counsel for the plaintiff, that no proper exception was taken to the charge, so as to raise the question we are considering. It appears that, after verdict, at the same term of court, the defendant moved on the minutes of the judge for a new trial, on this ground, among others, that the court erred in its charge to the jury, wherein it defined the burden of proof, and the amount of proof necessary to enable the plaintiff to recover. Thus the motion

pointed out the particular part of the charge upon which error is assigned; and the defendant excepted to the order denying his motion. It seems to us that this must be considered a sufficient exception, under the circumstances, to that part of the charge, to enable this court to review it. The statute allows a party, at any time before the close of the term of court at which the action was tried, to except to any part of the charge (ch. 194, Laws of 1874); and this provision renders the exception in the present case sufficient, and as available as though taken at the time the charge was given. *Nisbet v. Gill*, 38 Wis., 657.

It follows from these views, that the judgment of the circuit court must be reversed, and a new trial awarded.

Lyon, J. I cannot agree with my brothers that the alleged erroneous rule of evidence, laid down in the charge of the learned circuit judge, should work a reversal of the judgment. I place my dissent upon the special circumstances of the case. The plaintiff, two of his sisters and his brother-in-law, testified to a conversation between the parties, alleged to have taken place immediately after the plaintiff became of age. The testimony of each is, in substance, that the plaintiff then told the defendant he intended to leave home and work for other parties; whereupon the defendant replied, " I want you to stay, and I will pay you more than any one else. I can rely on you to attend to my business." The defendant testified that he never had any such conversation with the plaintiff, and that he never agreed to pay him wages. This is all the direct evidence on the subject, and the circumstantial evidence bearing upon it is of but little importance.

The jury could not have found that there was a preponderance of proof of an agreement by the defendant to pay the plaintiff wages, unless they believed the plaintiff and his three witnesses who testified to such agreement, and disbelieved the defendant, who denied it. Hence, it is a verity in the case,

made so by the verdict, that the former testified truly and the latter did not. The testimony of the accredited witnesses is direct and positive proof of such agreement.

It seems to me, therefore, that had the judge given the correct rule of evidence — had he told the jury that the alleged agreement "must be established by direct and positive evidence, or by circumstantial evidence equivalent thereto," — the result must necessarily have been the same. Finding that the plaintiff and his witnesses testified truly, they necessarily found not only the preponderance of evidence required by the charge to establish the agreement, but the direct and positive proof thereof required by the cases cited by my brother COLE.

If these views are correct, it necessarily follows that the defendant could not have been prejudiced by the erroneous instruction, and hence that the error is not ground for reversing the judgment.

RYAN, C. J. I entirely concur in all that is said in the opinion of Mr. Justice COLE. The charge of the court below makes no distinction between the evidence of an express contract of employment, required between strangers, and between a member of a family and its head. In cases of the latter kind, I think that the distinction ought always to be pointed out; that the jury ought to be expressly charged that a recovery cannot be had upon an implied contract; should be cautioned against the great risk of abuse, and instructed not to find an express contract of employment, except upon clear and positive testimony.

When cases are remitted by this court for new trial, great caution ought generally to be used here in commenting upon the weight or credibility of evidence, in a manner that might go to influence the minds of jurors. And I think it unfortunate that Mr. Justice LYON felt it necessary to express such strong views of the evidence in the court below, and of the weight given to it by the jury. I therefore think it right to

say that the majority of the court do not concur in the views expressed upon the subject in his dissenting opinion.

*By the Court.*— Judgment reversed, and a new trial awarded.