# ANDREW J. COOPER
## v.
## ELLA E. COOPER.

1. PREPONDERANCE OF EVIDENCE.—The court is of opinion that the preponderance of the evidence in this case shows that the position occupied by appellee in the family was that of a child and not that of a servant, and that she was treated accordingly; and even if the relation of master and servant existed, such relation existed between Anna Cooper and appellee, and not between appellant and appellee.

2. PARENT AND CHILD.—Where a child, or one standing in the relation of a child, remains with its parent, after attaining majority, in the same apparent situation as when a minor, in the absence of a contract, no recovery for services can be had. The presumption arises in such cases that the parties did not contemplate the payment of wages for the services ren- ·dered.

3. INSTRUCTIONS.—The first instruction given is erroneous, as it does not embrace as a part of its hypothesis that plaintiff was acting as a ser- vant. The third instruction is ambiguous, as it is so framed as to leave it uncertain on which of two grounds plaintiff was entitled to recover, and, further, the instruction does not couple defendant with the treatment in question. By its language, if appellee were thus treated by a third person, wholly without the knowledge or consent of defendant, defendant would be liable.

4. EVIDENCE AS TO EXPRESS PROMISE.—As to appellee's claim to recover on an express promise, the court is of opinion that no sufficient case is made out.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed January 3, 1883.

This was an action of assumpsit by appellee against appel- lant, for services, work and labor as a servant of appellant from July 31, 1871, to December 25. 1880. Appellant pleaded the general issue, and a plea of a discharge in bankruptcy on peti- tion filed April 18, 1878. There was a replication to the lat- ter plea, alleging that $700 of the claim sued upon accrued sub- sequent to the discharge in bankruptcy. Upon the issues formed on these pleas and replication, a jury trial was had, re-

Cooper v. Cooper.

sulting in a verdict and judgment for the plaintiff for $610 from which the defendant appealed to this court.

The facts sufficiently appear in the opinion of the court.

Mr. Nelson Monroe and Mr. John S. Scovel, for appellant ; that as there is no evidence of an implied contract or promise and no express agreement being proved, appellee can not recover for her services, cited Davis v. Goodenow, 27 Vt. 717; Candor's Appeal, 5 W. & S. 515 ; Freeman v. Freeman, 65 Ill. 106; Norton v. Rainey, 82 Ill. 216; Miller v. Miller, 16 Ill. 296; Hart v. Hess, 41 Mo. 441; Wells v. Perkins, 43 Wis. 160; Adams v. Adams, 23 Ind. 50; Dunlap v. Allen, 90 Ill. 108; Byers v. Thompson, 66 Ill. 421; Wood on Master and Servant, § 75.

If an express agreement is shown on the part of the relative to pay, there can be no recovery except in conformity with the agreement: Vanduyne v. Vreeland, 1 Beasley (N. Y.), 142.

A verdict against the evidence and the result of passion and prejudice, should be set aside : Blake v. McMullen, 91 Ill. 32; Booth v. Hynes, 54 Ill. 363; Smith v. Slocum, 62 Ill. 345; Belden v. Innis, 84 Ill. 78.

Mr. Henry Wendell Thomson, for appellee; that instructions for both parties must be construed together, and if thus construed they embrace the law of the case, judgment will not be reversed though one of them standing alone might be erroneous, cited Hilliard on New Trials, 2d ed. 268; Gilchrist v. Gilchrist, 76 Ill. 281; Vinegar Hill v. Busson, 42 Ill. 46.

A contract to pay for services may be implied between a father and child when the child is treated as a servant : Miller v. Miller, 16 Ill. 297; Freeman v. Freeman, 65 Ill. 107; Williams v. Hutchinson, 5 Barb. 127; Brush v. Blanchard, 18 Ill. 46; Norton v. Rainey, 82 Ill. 217; Byers v. Thompson, 65 Ill. 422; Williams v. Hutchinson, 3 Comstock (N. Y.), 318.

Wilson, J.   After a careful examination of the evidence, as

disclosed by the bill of exceptions, we are impressed with the conviction that the finding of the jury was not in accordance with the merits of the case, or the legal rights of the parties. It appears that appellee's mother died when appellee was two years old, when she, with her brother, Walter Cooper, was taken by her grandmother, Anna Cooper, into the family of the latter, where she grew up to womanhood; being treated in all respects, as the strong preponderance of the evidence shows, as a member of the family. She was clothed and nurtured, and when of suitable age was sent to school. She remained in the family until she was twenty-seven years old and upward, when she voluntarily left. During this entire period no reckoning of wages or account on either side was ever kept; nor was any claim ever made for pay, or that anything was due to her when she left. Her wearing apparel was furnished by her grandmother, with the exception of such presents as were made to her by her uncle, the appellant, who was also a member of the family. He testifies, and his testimony is not contradicted, that he was in the habit of furnishing her with money whenever she wanted it, as he did his sister, who was also a member of the family; that it was his rule to make presents to his sister and appellee at the same time, treating them both alike; that he gave appellee a gold watch at the same time he gave his sister one; also bracelets, rings, etc. Anna Cooper, the grandmother, at the time of taking appellee into her family, was a widow, and ever after so remained.

Besides the two grandchildren, her family consisted of herself, her youngest daughter, Nettie Cooper, her two sons, James W. and Andrew J. Cooper, the appellant, then about eighteen years of age; as thus composed, the family remained the same, with the exception of James W., the son, and Walter, the grandson, who had married and left, down to December 20, 1880, when appellee left the family. At the time appellee arrived at majority, and afterward until she left, no new arrangement was ever made or spoken of, but she continued on as before, without any change in the domestic relations of any member of the family. While appellant con-

tributed liberally to his mother's support, she nevertheless remained the head of the family after, as before his arrival at majority.   The leases of the houses occupied by the family were taken by her in her name; she owned the household furniture, furnished the family supplies and paid the bills, and in everything was the ostensible head of the family.

Appellee gave testimony to the effect that she was treated only as a servant, but we think the opposing testimony on that subject is so strong and satisfactory, as to wholly overcome that of appellee.   Her testimony is uncorroborated, except by the testimony of a single witness, who saw her doing some general housework.   On the other hand it is contradicted by the testimony of every other member of the family, including that of her brother, her grandmother and her aunt, as also by the testimony of other credible witnesses, neighbors and acquaintances, all of whom testify that she was treated the same as were the other members of the family, participating with the rest in performing such domestic duties as are usual in families occupying a like social position.

Without going further into an analysis of the evidence, we think the strong preponderance of the evidence shows:   First, that the position occupied by appellee in the family was that of a child and not that of a servant, and that she was treated accordingly; and secondly, that if the relation of master and servant existed, such relation existed between Anna Cooper and appellee, and not between appellant and appellee.

If, however, it be conceded that there was such a conflict of evidence on these points, as not to justify us in disturbing the finding of the jury, it remains to be considered whether the instructions given for the plaintiff, state correctly the rules of law applicable to this class of cases.   The first instruction was as follows :

" If the jury believe, from all the evidence in this case, that the plaintiff did render the labor and services sued for, and that the same were rendered at the instance and request of the defendant, and if he himself or by his agent, overlooked the work, and did not forbid it, and it was necessary and useful, and he appropriated the work to his own use, even though

Cooper v. Cooper.

he never expressly promised to pay for the same, yet in law a promise to pay may be implied, and in such a case it is the same as if he had expressly promised to pay; and it is for the jury to determine, from a consideration of all the evidence, whether the defendant did request the plaintiff to remain with him, and to labor for him, and if so, what, according to the evidence, is the fair, just value of said work and services so rendered."

As we have already seen, the evidence tended to show that the relation which appellee occupied to the family was that of child, and not that of servant, and that this relation continued after appellee arrived at majority.

It is settled by numerous decisions in this State that where a child, or one standing in the relation of child, remains with its parent after majority, and in the same apparent situation as when a minor, in the absence of a contract, no recovery for services can be had. In such cases the presumption arises, that the parties did not contemplate the payment of wages for the services rendered: Miller v. Miller, 16 Ill. 296; Freeman v. Freeman, 65 Id. 106; Morton v. Rainey, 82 Id. 215.

So in Davis v. Goodenow, 27 Vt. 717, C. J. Redfield said, "The case seems the ordinary one of a child, or other relative living in the family of the parent or one occupying that place, after they become of age, with no definite expectation that either the service or the support shall create a debt; in which case it is well settled that neither can maintain an action against the other for the excess of the real value of the one above the other. It must appear unequivocally that the parties at the time of the service supposed they were dealing as debtor and creditor." See also, Hart v. Hess, 41 Mo. 441; Wells v. Perkins, 43 Wis. 160; Adams v. Adams, 23 Ind. 50, and other cases cited in appellant's brief.

In the light of these principles the vice of the plaintiff's first instruction becomes apparent. It does not embrace, as a part of its hypothesis, that the plaintiff was acting as a servant. It may all be true that the plaintiff did render the services sued for, and that they were rendered at defendant's request and were useful, and that the defendant appropriated them to

his own use, yet if they were not rendered by the plaintiff as a servant, but only in her relation as a child and member of the family, then for services so rendered, the law does not imply a promise to pay. It is not like the case of services rendered by a stranger, at the request of another, in which case the law implies a promise.

The plaintiff's third instruction is as follows:

"The court further instructs the jury that it is not a good defense to a suit for services rendered, that the plaintiff was admitted to the family of the defendant, unless the plaintiff was also treated as a member of the family. If, instead, she were treated as a servant, if she were made to be a serving maid to the other members of the family; if, instead of being treated as a member of the family, she were reduced to the position of a laborer for the other members of the family; and if this is established by the testimony in this case, then she is entitled to recover for her said labor and services, after attaining the age of legal majority, and if she remained at the request of the defendant, and rendered the services for which this suit is brought at his request, your verdict should be in her favor for the value of the same."

This instruction assumes that the plaintiff was admitted into the defendant's family, and then tells the jury that the defense fails if after being received into the family she were treated as a servant, or reduced to the position of a laborer for other members of the family ; but the instruction does not couple the defendant with such treatment. Under the language of the instruction, if she were thus treated by a third person, wholly without the knowledge or consent of the defendant, the defendant would be liable.

Again the instruction is so framed as to leave it uncertain on which of two grounds the plaintiff was entitled to recover, whether by reason of being treated as a servant, or by reason of rendering services at defendant's request.

As to appellee's claim to recover on an express promise, it need only be said we think no sufficient case was made out. Her testimony is to the effect that appellant promised to give her a thousand dollars if she would stay and keep house for

him and his mother, and take care of his mother in her old age. She also says he told her he would do well by her if she would stay and not get married. She denies that he promised to pay her wages by the week. Appellant flatly contradicts her, but taking her own version of the matter, it is quite manifest that neither of the parties understood that appellant was to pay her for her services as such. She did not stay, and the condition on which the alleged promise was made, was not complied with.

For the reasons herein above stated the judgment of the court below is reversed, and the cause remanded for a new trial.

. Reversed and remanded.