Miller and another, Respondents, vs. Estate of Bell and others, Defendants : Bell and another, Appellants.

*April 5—April 27, 1937.*

L. H. Bancroft of Richland Center, for the appellants.

For the respondents there was a brief by *Brindley & Brewer* of Richland Center, attorneys, and *Harold M. Wilkie* of Madison of counsel, and oral argument by *L. E. Hart* of Madison.

FAIRCHILD, J.   According to the findings of the county judge, no contract which was capable of specific enforcement existed between the parties.   He did, however, reach the conclusion that the respondents ought to recover upon the principle of *quantum meruit*.   To recover from the estate of their parent for services rendered, the children must prove a promise or agreement by the deceased, because the presumption is that any services so rendered were gratuitous. *Taylor v. Thieman,* 132 Wis. 38, 111 N. W. 229; *Estate of*

*Goltz,* 205 Wis. 590, 238 N. W. 374.   There is no finding by the trial court sustained by any evidence that Mrs. Bell ever entered into any agreement to pay, out of her separate estate, for services to her husband and herself while he was living.   So far as the consummation of a contract is concerned, there is little difference between refusing to enter into it and a statement : "I have no property" with which to pay.   It appears from the testimony that Mrs. Bell was willing her husband should leave his estate to the daughters and exclude the sons from sharing in it.   When the father said he did not want to give the boys but a small amount, Mrs. Bell agreed, saying something to the effect that the girls had helped them when they were sick, but, upon being asked if she had any property herself, she answered "No."   The father may have thought his will would control the property held jointly with his wife as well as that solely in his name. Mrs. Bell may have been under a misapprehension of the true situation.   But the vital thing to respondents' case now is an agreement on Mrs. Bell's part to pay the daughters for services.   She did not enter into such an agreement.   Nothing in the record shows an act of hers that can be construed as binding her separate estate.   It may be a disappointment to the respondents that the father did not die possessed of as much property as they thought he would, but that cannot alter the rules of law governing the disposition of their mother's estate.   She died possessed of an estate coming to her by reason of her survival as a joint tenant.   This estate she did not dispose of by gift *inter vivos,* by will, nor did she affect the substance of her holdings by entering into an agreement with respondents.   The father by his will gave to the respondents much more than the *quantum meruit* claim for services amounted to.   He kept his agreement.

The mother lived two days after the father's death.   Any claim against her which the law recognizes as just is, of course, chargeable to her estate, but this would not warrant

the inclusion of a claim against the estate of her previously deceased husband, even had it not been paid. The evidence fails to show the existence of a contract to support the claim, and the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to disallow the claim.