ESTATE OF FICK : WUNDER, Claimant, Respondent, vs. FICK, Administrator, Appellant.

*April 16—May 20, 1941.*

44

L. W. Bartelt of Kewaskum, attorney, and J. F. Renard of West Bend of counsel, for the appellant.

T. L. Doyle of Fond du Lac, for the respondent.

FRITZ, J. In relation to Leona Wunder's claim for services, the court found that she rendered services to the deceased, Herman Fick, between March 6, 1928, and April 7, 1940, the day of his death, upon an express agreement that she was to be compensated for said services upon his death; and that the reasonable value of her services was $3,302, no part of which has been paid. Upon these findings the court concluded and entered judgment that claimant is entitled to recover $3,302

for the services rendered. The administrator contends that the court's findings of fact are not sustained by the evidence because claimant's testimony is contradictory and the testimony of other witnesses upon which she relies is vague and insufficient to support the findings in view, particularly, of the family relationship which existed between the deceased and claimant, who was a stepchild of the deceased and performed the services while living on his farm as a member of his household. These contentions cannot be sustained.

The record discloses that there was ample direct, positive, and competent testimony, which the court considered credible, to establish affirmatively with but little conflict that the services were performed pursuant to the express request and agreement of the deceased that she was to be compensated therefor upon his death; and that the reasonable value thereof was $3,302, and no part thereof has been paid. Under these circumstances the findings must be permitted to stand, and by reason of the express agreement found by the court, the claimant is entitled to recover for the services rendered notwithstanding the existence of a family relationship. *Smith v. Freng,* 182 Wis. 349, 193 N. W. 996, 196 N. W. 887, 197 N. W. 170; *Estate of Kessler,* 87 Wis. 660, 59 N. W. 129; *Taylor v. Thieman,* 132 Wis. 38, 111 N. W. 229; *Estate of Goltz,* 205 Wis. 590, 594, 238 N. W. 374; *Miller v. Estate of Bell,* 224 Wis. 593, 273 N. W. 67.

For the consideration of the claim for money loaned to deceased, it suffices to note the following matters. The disallowance by the court of the items claimed in this respect was based upon its finding that "no accounts having been kept by either of the parties hereto that the existence is too indefinite and uncertain to permit their recovery." By a clear preponderance, the evidence establishes that since the claimant became twenty-one years of age in May, 1932, she received $2,502.32 in cash, and spent only $400 or $500 for her own uses; that out of the balance of her funds she frequently advanced

money to or for the use and benefit of deceased at his special instance and request between May, 1932, and the time of his death; and that on many occasions he promised and agreed that she would be fully paid for all of such advances, but that no part thereof has been repaid to her. As the court found, it does not appear that any account of the moneys so advanced was kept by either of the parties, and as to most of the advances, the evidence as to amounts thereof is too indefinite and uncertain to permit of their recovery. However, it is established by uncontradicted and apparently credible testimony, that on one occasion claimant advanced "something like $60 to $80 when he had a tractor repaired in 1935," and also that claimant "sometimes gave him $20, and sometimes $15, and sometimes $10." Thus there were established loans in definite amounts of at least $60 on one occasion, and of $10, $15, and $20, respectively, on at least one occasion as to each item. In view of these established facts and the uncontradicted and apparently credible testimony by competent and disinterested witnesses, that the deceased promised and agreed that the claimant would get it all back again and that he would pay her when he died, she was entitled to recover at least $105 on her claim for money loaned to deceased. It follows that the judgment must be modified so as to provide for the recovery by plaintiff of $105, in addition to the $3,302 allowed by the court for services rendered for the deceased.

*By the Court.*—Judgment affirmed in relation to the claim for services rendered, and reversed in relation to the claim for moneys loaned, with directions to enter judgment in accordance with the opinion.