ROSZINA, Respondent, vs. NEMETH, Appellant.*

*May 16—June 10, 1947.*

* On motion for rehearing, see *post*, p. 67a.

For the appellant there was a brief by *Max Raskin,* attorney, and *William F. Quick* of counsel, both of Milwaukee, and oral argument by *Mr. Quick.*

For the respondent there was a brief by *Paul L. Moskowitz,* attorney, and *Samuel J. Schrinsky* of counsel, both of Milwaukee, and oral argument by *Mr. Schrinsky.*

FOWLER, J.   The complaint alleges that in 1929 the plaintiff and defendant entered into an agreement whereby the plaintiff agreed to do housework for the defendant as long as she was physically able and in consideration thereof the defendant agreed to support and maintain the plaintiff for the rest of her life; that pursuant to said agreement the plaintiff performed her part of the agreement for thirteen years; that in 1942 the defendant breached the agreement by refusing further to support the plaintiff, to her damage in the sum of $3,000.

The defendant by answer denies making any agreement whatsoever with the plaintiff; alleges that plaintiff was the mother of defendant's wife and defendant permitted her to move into his home and he there voluntarily supported her; that plaintiff was seventy years of age and in ailing health at that time; that he continued to support her for thirteen years, and that plaintiff was not asked to and did not perform any household duties for the defendant.

The evidence shows that the plaintiff lived with the defendant and his wife until the death of the defendant's wife and for a year thereafter, when the defendant married, and that soon thereafter a daughter of the plaintiff took the plaintiff away from defendant's home and has since supported her.   Such services as plaintiff performed were such as are presumably gratuitous between persons related as are the parties.   It also appears without dispute that after defendant's marriage he wanted and asked the plaintiff's son and daughter to arrange for plaintiff's support, and that at procurement of defendant's attorney a family meeting was arranged at which defendant and the son and daughter and the attorney met.   At this meeting, putting the plaintiff in a county institution was discussed,

and the daughter to avoid this took the plaintiff from defendant's home.

The case was tried to a jury, which returned a general verdict assessing plaintiff's damages at $2,000. Defendant's counsel at close of the testimony asked for a special verdict which the court refused to submit because none was requested before the defendant introduced evidence. Sec. 270.27, Stats., provides that a case must be so submitted when requested by a party before he introduces testimony. Although the circumstances present some excuse for defendant's counsel not making timely request for a special verdict the court's refusal to grant it must be sustained as there was no abuse of discretion.

The defendant's contentions may be reduced to three: (1) Does the evidence support the conclusion by the jury that the contract claimed by the defendant was entered into? (2) If that question be answered "Yes" was it breached by the defendant? (3) If breached does the evidence support an assessment of $2,000 damages?

(1) The evidence supports a finding of the making of a contract as claimed if the jury was properly instructed as to the burden of proof that rested on the plaintiff to prove such a contract. The instruction was that the burden rested on the plaintiff to "satisfy the jury by a preponderance of the evidence and to a reasonable certainty" of the making of the contract.

Counsel for defendant contends that the rule in Wisconsin as laid down in *Hall v. Finch,* 29 Wis. 278, is that in cases between near relatives where the presumption exists that services rendered are gratuitous an express contract to pay therefor must be established "by direct, clear and positive proof." The case of *Estate of Goltz,* 205 Wis. 590, 594, 238 N. W. 374, citing *Hall v. Finch, supra,* among others, states that in such cases it is "incumbent upon the claimant to prove an express contract by direct and positive evidence or to prove by unequivocal facts and circumstances that which is the equivalent of direct and

positive proof of an express contract." See also *Estate of Teynor,* 203 Wis. 369, 371, 234 N. W. 344, and cases there cited. The evidence by which the contract alleged was sought to be proved in this case was direct and positive and if believed by the jury would support a finding that it was made. We think the case does not fall for want of such proof and that such proof being in the evidence the instruction given by the court was not improper.

(2) We think that the evidence supports a finding that the defendant breached the contract. His efforts to have the plaintiff sent to a county institution and supported there by the son and daughter of the plaintiff are undisputed and resulted in the daughter's removing the plaintiff from his home. The defendant thus caused the removal as effectively as if he had removed her himself and this constituted a refusal to perform.

(3) The contract being established, the measure of damages would be the reasonable value of the support of the plaintiff for the remaining years of her life. The only evidence that could be construed as bearing upon that value is the statement of the plaintiff herself, eighty-six years old at the time of the trial, in answer to the question "for the work that you did in the home of John [the defendant], what were your services reasonably worth?" *A.* "That work is worth every day $10 and the board." The answer is manifestly fanciful and incredible, and is besides immaterial on the question of the reasonable value of her support.

Plaintiff contends that the evidence supports the verdict because "housework being a matter of common knowledge, the jury as the trier of fact was justified in placing its own valuation on respondent's services," citing *Hall v. Treadwell,* 125 Me. 506, 131 Atl. 10; *Hopkins v. Paradise Heights F. G. Asso.* 58 Mont. 404, 193 Pac. 389; *Nylund v. Madsen,* 94 Cal. App. 441, 271 Pac. 374. But if this be so, the value of plaintiff's services is not the measure of damages.

Counsel for plaintiff contends that if the plaintiff is not entitled to recover on the contract alleged, she is entitled to re-

cover on *quantum meruit*. An instruction given by the court lends support to this idea, but it is erroneous in a case for breach of a contract such as is here involved. "Where a valid express contract is proven no recovery can be had on an implied contract." *Estate of Andrus,* 178 Wis. 358, 361, 190 N. W. 83. The cases cited by plaintiff on this point—*Estate of Breitzman,* 236 Wis. 96, 294 N. W. 489; *Estate of Fick,* 238 Wis. 43, 298 N. W. 185; and *Taylor v. Thieman,* 132 Wis. 38, 111 N. W. 229, do not support the contention. In the *Breitzman Case* the claim was by a nonrelative for recovery of services for nursing in addition to payment of a stipulated sum for board and room furnished to a decedent, no price therefor being fixed. In the *Fick Case* the claim was to recover for services without a price being fixed. Such contract was proved, and recovery for their value was awarded. In the *Taylor Case, supra,* the contract claimed was that the deceased promised to give or leave to claimant his farm if he would stay with and work for him until his death. The contract being void because not in writing, and the intention being that the services were not gratuitous, the claimant recovered the value of his services.

The general verdict for the plaintiff must be interpreted as finding that a contract was made as claimed in the complaint. As under that contract the measure of damages is the value of the support the defendant refused to furnish, there is no evidence to support the damages assessed. We consider that in the interest of justice the judgment should be set aside and a new trial ordered for determination of the reasonable value of the plaintiff's support in defendant's home over the value of such household service in that home as might be reasonably required of her in view of her physical condition.

*By the Court.*—The judgment of the circuit court is reversed and the judgment set aside, and the cause is remanded with directions for a new trial in accordance with this opinion. No costs are awarded, except that plaintiff will pay the costs of the clerk of this court.

67a

The following opinion was filed September 9, 1947:

FOWLER, J. (*on motion for rehearing*). The defendant moves for a rehearing. The principal ground is that the court erred in instructing the jury that the burden was on the plaintiff to prove the contract claimed to a reasonable certainty by a preponderance of the evidence. It is strenuously urged that this was error of such import that a new trial of the case on all issues must be granted.

Counsel for defendant contend that the instant case is definitely ruled in their favor by *Wells v. Perkins,* 43 Wis. 160, 163, 164, a case first called to our attention in their brief on the pending motion.

We consider that this contention must be sustained. The parties in that case were situated substantially as are the instant parties. The complaint alleged that the defendant agreed to pay the plaintiff for services rendered on defendant's farm while he was living with the defendant, his stepfather, as a member of the family of defendant and plaintiff's mother. The defendant denied making any agreement. The court instructed the jury that "To entitle the plaintiff to recover, he must show that he made an express contract with the defendant to pay him . . . what they [the services] should be reasonably worth" and that "the burden of proof is on the plaintiff," and that he must "prove the contract or agreement, . . . by a preponderance of the testimony." This court held that the instruction was insufficient for not stating in connection therewith that the plaintiff "was bound to 'establish [the contract] by direct and positive evidence, or by circumstantial evidence equivalent to direct and positive.'" A jury had returned a verdict for the plaintiff and the court had entered judgment upon it. The judgment was reversed and a new trial ordered.

The motion for rehearing should be granted but we perceive no occasion for reargument or further briefs.

*By the Court.*—The motion for rehearing is granted. The mandate first entered is vacated. The judgment is reversed, and the cause is remanded with direction to order a new trial of all the issues. The appellant will recover costs of the appeal and $25 costs on the motion for rehearing.