GLASSPOOLE, by guardian, Appellant, vs. McGUINE, Respondent.

*September 13—October 4, 1910.*

*Guardians: Death of insane ward: Settlement of accounts: Title to personalty.*

After the death of an insane ward an administrator of his estate must be appointed before the accounts of the guardian can be adjusted by the county court or the heirs of the ward can acquire title to his personalty.

APPEAL from a judgment of the circuit court for Buffalo county: E. W. HELMS, Circuit Judge.    *Affirmed.*

The cause was submitted for the appellant on the brief of C. M. Hilliard and Theodore Buehler, and for the respondent on that of S. G. Gilman.

WINSLOW, C. J.  This is an appeal from a judgment of the circuit court for Buffalo county reversing an order of the county court of the same county and vacating a previous judgment of said county court.

It is unnecessary to state the facts in detail.  There are two questions presented by the record, viz.: (1) Can the accounts of the guardian of an insane ward be adjusted by the county court after the decease of the ward in a proceeding to which the guardian and the heir of the ward are the only parties, without any administration of the estate of the ward?  (2) In such a proceeding can the county court render judgment directly in favor of the heir and against the guardian for the amount found due by the guardian to his ward's estate?  Both of these questions must be answered in the negative.  At the death of the ward the powers of the guardian ceased, the real estate descended to the heirs of the ward and the personal property to his personal representative (when appointed), in the same manner as if the ward had been sane.  Sec. 3988, Stats. (1898).  It follows necessarily that until the appointment of an administrator there was no person to be accounted with.  The heir had no title to the personal property, no authority to represent the estate, and was entitled to no judgment against the guardian, however much the guardian may have been indebted to the estate. This was the view intimated, though not decided, in *Israel v. Silsbee,* 57 Wis. 222, 15 N. W. 144, and was also the view taken by the circuit court.

There are no other questions of sufficient importance to require treatment.

*By the Court.*—Judgment affirmed.