ESTATE OF SVEEN : THOE and others, Appellants, vs. SVEEN, Administrator, Respondent.

*September 16—December 9, 1930.*

For the appellants there was a brief by *J. A. Moen* of Viroqua, attorney, and *Bagley, Spohn, Ross & Stevens* of Madison of counsel, and oral argument by *W. H. Spohn.*

*C. W. Graves* of Viroqua, for the respondent.

The following opinion was filed October 14, 1930:

OWEN, J. A final order of distribution was entered on the 17th day of April, 1930. On the 14th day of June,

1930, John Thoe, Halvor Thoe, and Torine Knutson, three heirs of Helge Sveen, deceased, attempted to appeal from the order of distribution. To this end they served a notice of appeal upon the attorney for the administrator of the estate. Although there is no proof of such service in the record, it is assumed that the notice was also served upon the county judge. The county judge made an order fixing the amount of the undertaking on the appeal at the sum of $100. The date of this order does not appear, but it does appear that it was served upon the attorney for the administrator on the 14th day of June. From these facts it may be assumed that the notice of appeal was served upon the county judge prior to the making of the order fixing the amount of the undertaking, which must have been on or before the 14th day of June, when it was served. Although the estate is assigned to fifty-seven different persons, no other service of the notice of appeal was made than as stated.

The administrator moves to dismiss the appeal. The first ground of such motion is that the notice of appeal was not accompanied by an undertaking in the sum of $250, as required by sec. 274.15 of the Statutes, relating to appeals to this court. That statute provides that "To render an appeal effectual for any purpose an undertaking must be executed on the part of the appellant by at least two sureties, to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding two hundred and fifty dollars." Ch. 274 of the Statutes relates to appeals generally from the circuit courts, from the county courts in counties having a population of over fifteen thousand, and from any court of record having civil jurisdiction when no other court of appeal is provided by law. If this chapter contained the only provisions relating to appeals from county courts, no doubt the two hundred and fifty dollar undertaking required by sec. 274.15 would

be an essential requisite to the perfection of the appeal. However, this general statutory provision is in obvious conflict with sec. 324.04, which relates specifically to appeals from county courts to this court. That requires the filing and serving of an undertaking in such sum and with such surety as the judge shall approve, "to the effect that he will diligently prosecute his appeal and pay all damages and costs which may be awarded against him on such appeal." This undertaking is to "pay all damages and costs," and stays all further proceedings in pursuance of the act appealed from. Sec. 324.06, Stats. It was the apparent legislative purpose to make this bond the exclusive bond required upon an appeal from the county court. The appeal cannot be dismissed because the undertaking required by sec. 274.15 was not given.

But the appeal is ineffective for another reason. Sec. 324.04 requires the notice of appeal to be served on the adverse party to be given in such manner as the court may within ten days after the service of the appeal on the court direct in writing. In this case there were fifty-seven distributees of the estate. Each and every one of these distributees is an adverse party. In order to give this court jurisdiction, service of the notice of appeal must be made upon each of them and such service must be made in such manner as the county court shall direct in writing. In this case the county court was not requested to make such direction and none was made. We have then a situation where an appeal has been attempted presumably in good faith. In such cases this court has power "in its discretion to allow any defect or omission in the notice, undertaking or other appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken." Sec. 269.51, Stats.

We are urged to exercise our discretion in the premises

and to grant an opportunity for the perfection of the appeal. As bearing upon whether such discretion should be exercised, we note that the appellants made no appearance in the county court upon the hearing of the application for final settlement and distribution of the estate, where they might have obtained the order to which they claim they are entitled, and thus have obviated the necessity for this appeal. Their laches in this respect does not commend their request to the favorable consideration of this court. We note, also, that the administrator has made distribution of the estate in accordance with the order appealed from, and that fifty-one of the heirs, including the appellants, have received their shares. These heirs are scattered in various parts of this country and some reside in Norway. Many have received almost insignificant sums, some as low as $17.62. If the administrator is protected in paying out this money by the order of final distribution entered by the county court, as seems probable (*Will of Rice: Cowie v. Strohmeyer,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778), then appellants must recover any additional proportion of the estate to which they may be entitled from the various distributees. This means that they will have forty-eight different claims against as many individuals scattered far and wide, and the relief which they may realize in any event seems most problematical. In view of this situation, and in view of their laches in not presenting their claims in the county court, we feel disinclined to grant the opportunity for the perfection of the appeal. It is apparent that in the present state of the record none of the real adverse parties are before us and we have no jurisdiction to adjudicate upon their interests. Whether the administrator be a proper party to the appeal, we are without power to modify the order of distribution so as to deprive any of the distributees of any of the benefits to which they are entitled under the

order appealed from. It seems useless to retain the record in this court, and the appeal will be dismissed.

*By the Court.*—Appeal dismissed.

A motion for a rehearing was denied, with $25 costs, on December 9, 1930.