MacKenzie, Trustee in Bankruptcy, Respondent, vs. Kutz and another, imp., Appellants.

*April 6—May 12, 1931.*

2

*Henry A. Gunderson* of Portage, for the appellants.

For the respondent there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Dorothy Walker*.

FOWLER, J. Appellants' brief contains no assignment of errors, but we gather that the points intended to be raised are as follows: (1) The fund and personal property involved belonged to the appealing defendants in common because (a) it was derived from the personalty left by their deceased father (b) or acquired by the bankrupt for the appellants pursuant to agreement with funds advanced by the sisters or (c) was purchased pursuant to agreement for appellants with a part of the proceeds of a mortgage of the farm left by the father in which the bankrupt and appellants joined. (2) The evidence does not support the findings of the court as to conspiracy. (3) It is not mentioned in the brief but was urged on the oral argument that the conspiracy issue was

triable by a jury and the appellants were denied their constitutional right to a jury trial.

(1) (a) Upon this point it seems sufficient to state that the title to the personal property on the farm of the father never passed to the appellants, but went to the personal representative of the deceased. If any of it came into the possession of the bankrupt, it was converted by him, and the personal representative, if there was one, would have a claim against the trustee for its value. But the sisters had no title to the property and have no claim for its conversion.

(1) (b) The trial court found, and his finding is supported by the evidence, that neither sister made advancements to the bankrupt and that no property was purchased by him pursuant to agreement to be held in common.

(1) (c) The trial court found that no agreement was made to purchase personal property for the appellants with any part of the proceeds of the mortgage and no property was purchased for them with any of the proceeds of the mortgage. The evidence supports this finding. Appellants' versions of the transactions rest upon their testimony and that of the bankrupt. The trial judge in his opinion characterizes their testimony as unworthy of belief and he was in position to judge of their credibility. The record is full of their contradictions. Some presumptions are against them, as that of fraud by reason of the bankrupt's retaining possession of the horses and ponies after the pretended purchase of them by Marie. The circumstances tended strongly to refute the *bona fides* of the transactions as claimed by appellants. In this situation we cannot disturb any finding made by the trial judge except as below indicated upon the question of conspiracy. As to all matters involved under (1), any claims that the sisters had against the bankrupt whether legal or equitable could stand only as claims against his estate. The trial court's finding of the bankrupt's insolvency and the sisters' knowledge of it are amply supported by the evidence, so that if the bankrupt owed the appellants the cer-

tificates of deposit could not stand as lawful preferences to the creditors because made within four months of the filing of the petition in bankruptcy.

(2) As to the court's finding of conspiracy the evidence supports a finding of conspiracy between Marie and the bankrupt to defraud the estate in all transactions between the two, but there is no evidence that the sister Anna took any part in any of these transactions or had any knowledge of them. The evidence is equally silent as to any part or knowledge by her or by Marie of any of the sales of stock by the bankrupt by which he defrauded the estate out of the $501 not scheduled as assets. The evidence also supports the finding of a conspiracy between Anna and the bankrupt by which the two certificates of deposit were put in her name. In view of this and of the fact that the personal property involved was by the judgment all ordered turned over to the trustee, and the bank was ordered to pay the certificates of deposit to him, we are of opinion that judgment should not go against Anna personally for any sum or against Marie for any but the $250 received by her on sale of the team to Giese, and that the judgment should be modified accordingly.

(3) As to the denial of a jury trial on the conspiracy charge, it does not appear that the appellants asked for a jury trial in the court below or that they raised the point below in any manner. In view of this and the fact that the brief did not assign denial of a jury trial as error or make any mention of it, we are not called upon to consider the point.

Appellants' brief does not contain a synopsis of argument as required by rule 9 or a statement of the errors relied on as required by rule 10. The opinion of the trial court was not printed in the case as required by rule 6. Costs will be allowed appellants except for printing of brief and case.

*By the Court.*—The judgment is modified as indicated in the opinion and affirmed as modified.