Estate of Shimek: Shimek, Claimant, Respondent, vs. Estate of Shimek and others, Appellants.

*April 2—June 22, 1936.*

For the appellants there was a brief by *Markham & Markham* of Manitowoc, and oral argument by *H. L. Markham*.

For the respondent there was a brief by *Healy & Joyce* and *Jerome V. Ledvina,* all of Manitowoc, and oral argument by *Mr. Ledvina* and *Mr. John C. Healy*.

The following opinion was filed April 28, 1936:

FRITZ, J. This appeal is from a judgment for the recovery of $2,430 by Clara Shimek against the estate of her father, Stephen Shimek, deceased, for domestic services rendered by her in her father's household, from May 19, 1925, to December 21, 1929. It appears without dispute that during that period she performed such service in that household; that she resided there with her parents until her mother died in September, 1929, and thereafter, with her father until she left on December 21, 1929, because of a quarrel with him; that during all of that period, her father furnished the board, lodging, and other necessaries and comforts for all in that household, but made no payment as compensation to the claimant for her services. He died on June 10, 1934, leaving a will in which he made a devise and bequest of some property to claimant as one of his children, but he did not leave as much to her as to some of the others. It also appeared

without dispute that prior to May 19, 1925, the claimant lived with her grandmother and was employed in a department store at a salary of $65 per month; and that on that date she discontinued that employment and her residence at her grandmother's and became a member of her father's household.

The circumstances under which the claimant resided and performed services for her parents in her father's household were such that there was applicable the well-established rule that—

". . . Where near relatives by blood or marriage reside together as one common family, and one of them renders services to another, and such other furnishes him board and lodging or other necessaries or comforts, a presumption arises that neither party intended to receive or to pay compensation for the services rendered on the one hand, or for the board and lodging or other necessaries or comforts on the other; that they were intended as mutual acts of kindness done or furnished gratuitously." *Estate of Kessler,* 87 Wis. 660, 664, 59 N. W. 129; *Estate of Schmidt,* 93 Wis. 120, 67 N. W. 37; *Williams v. Williams,* 114 Wis. 79, 89 N. W. 835; *Estate of Skinner,* 189 Wis. 390, 207 N. W. 942; *Estate of Goltz,* 205 Wis. 590, 594, 238 N. W. 374; *Estate of Ghent,* 217 Wis. 631, 633, 259 N. W. 865.

And because of that presumption—

". . . It was incumbent upon the claimant to prove an express contract by direct and positive evidence or to prove by unequivocal facts and circumstances that which is the equivalent of direct and positive proof of an express contract." *Estate of Goltz, supra,* p. 594; *Estate of Ghent, supra.*

There is no such evidence or proof in the record that Stephen Shimek ever made any promise to claimant to compensate her for her services, or to leave property to her by will or otherwise; or that he ever entered into an express contract with her on that subject, or did anything otherwise indicating that he intended to compensate her. The nearest approach to proof that at its best might be deemed to estab-

lish even an implied contract, is some evidence to the effect that the claimant's mother made statements, when her husband was present, that they would pay the claimant when they were gone; and that he had expressed no objection to such statements. Even though his silence should be considered acquiescence and equivalent to an expression on his part of an intention to compensate the claimant at some future time, that would still not be sufficient to establish that the parties ever entered into an express contract on that subject. *Estate of Ghent, supra,* p. 634. It follows that the judgment must be reversed.

*By the Court.*—Judgment reversed, with directions to enter judgment disallowing the claim.

A motion for a rehearing was denied, with $25 costs, on June 22, 1936.