WILL OF KRAUSE: KRAUSE (IRMA), Appellant, vs. KRAUSE (ELMER) and others, Respondents.

*February 10—March 10, 1942.*

*Alfred W. Gerhard* of Wausau, for the appellant.

*Herbert L. Terwilliger* and *Fred W. Genrich, Jr.,* both of Wausau, for the respondents.

FRITZ, J.    The first ground upon which the executors base their motion to dismiss is that the appeal was not perfected within the period of sixty days to which the time for taking an appeal to the supreme court from an order or judgment of the county court is limited by sec. 324.04, Stats.   The executors, in contending that this statute and the sixty days' limitation thereunder is applicable to the judgment appealed from,

claim that the transfer of the matter of the claim to the circuit court under sec. 324.17 (8), Stats., was for trial only and it still remained a county court proceeding.

This claim and the contention based thereon cannot be sustained. Upon transfer of the matter of the claim to the circuit court there became applicable and controlling in relation to the proceeding then pending in the circuit court, the provisions in sec. 324.17 (8), Stats., that—

"the same shall there be tried and determined *as a circuit court action*. . . . The *circuit court may render* such *judgment* as may be proper, or make such order therein as the county court ought to have made and may remit the case to the county court for further proceedings, or make any order or take any action therein to enforce *its own judgment* as the circuit court may deem best. The county court, after such cause is remitted, shall proceed therein in accordance with the determination of the circuit court."

After the transfer to circuit court, the matter rightly was treated by the parties as a matter pending in that court while the record had not been remitted to the county court; and, although judgment had been entered in the circuit court, the matter continued to be a circuit court matter at the time Irma Krause's appeal was perfected. On motion of the executors after the entry of judgment, the circuit court entered an order for the substitution of copies for originals which they wanted leave to withdraw; and they entered into a stipulation between the parties for the settlement of a bill of exceptions which was signed by the circuit judge. Under the statute no procedure in the county court appears to be contemplated or proper in relation to the particular matter so transferred thereunder until after the circuit court has remitted the matter to the county court. Then,—but not until then,—there can become applicable the provision in sec. 324.17 (8), Stats., that the "county court, *after such cause is remitted,* shall proceed therein in accordance with the determination of the circuit

court." Manifestly, further proceedings therein in the county court will not be feasible until the circuit court determination has become final and the matter has been remitted to the county court; and it cannot be deemed to have become final while subject to review on an appeal to the supreme court. During that time the appeal must necessarily be from the court which made the determination, and if there is to be a bill of exceptions, the judge of the circuit court is the only one who can settle the bill. Likewise, in the event of a reversal of the circuit court's judgment with directions to grant a new trial the matter is remanded for such trial to that court. See *Kessler v. Olen,* 228 Wis. 662, 280 N. W. 352, 281 N. W. 691.

The executors contend further that the appeal must be dismissed because the notice of appeal was not served upon all necessary parties in that there was no service thereof upon all of the beneficiaries under Krause's will. The executors contend that the beneficiaries were also adverse parties to the appellant, and therefore should have been served under the provision in sec. 274.11 (1), Stats., that—

"An appeal is taken by serving a notice of appeal, signed by the appellant or his attorney, on the adverse party and on the clerk of the court. . . ."

These contentions cannot be sustained. The appraised value of the personal property of the estate appears to be adequately ample to satisfy all claims, including Irma Krause's, that are to be paid, if allowed, out of that property, and as all of it goes to the executors, as the personal representatives of the deceased, and continues in their possession until a final order for distribution, no service on the beneficiaries is necessary on the appeal from the determination disallowing Irma Krause's claim as a creditor. As the court said in *State ex rel. Peterson v. Circuit Court,* 177 Wis. 548, 554, 188 N. W. 645,—

"The administrator is the legal owner, for the time being, of the personal property of which the decedent died possessed,

and his title and authority extend so completely to all such property as to exclude, for the time being, creditors, legatees, and all others beneficially interested in the estate. 18 Cyc. 206."

See also *Shupe v. Jenks,* 195 Wis. 334, 218 N. W. 375; *MacKenzie v. Kutz,* 205 Wis. 1, 5, 236 N. W. 589; *Estate of Koch,* 148 Wis. 548, 134 N. W. 663. In the *Koch Case* it was claimed that an appeal from the county court to circuit court was defective because no notice of appeal was served on a guardian *ad litem* for minors having some interest in the litigation. The court held that "in a hearing on claims in probate court, an heir is not an adverse party, in the practice sense,—the personal representative is such party as to the claimant." (Syl.) The court said (p. 571):

"The only necessary party adverse to the claimant was the personal representative. All interested in the estate, in the collective sense, really the estate itself, vitalized by such representative, was the only adverse party to the claimant in the matter of the hearing on claims, and upon him notice of the appeal from county court, as required by sec. 4033, Stats. (1898), was duly served."

On an appeal in relation to a claim such as that of Irma Krause, which is to be paid, if allowed, out of the personal property of the decedent, of which the executors are for the time being the owners to the exclusion of creditors, heirs, legatees, and others beneficially interested in the estate, the executors are the only necessary adverse parties on the claimant's appeal from the judgment dismissing her claim. In relation thereto, heirs, legatees, and others beneficially interested have no such interest as they have upon the final distribution among them of the property remaining available therefor, because of which they may be adverse parties on an appeal from a determination in relation to some such matter as heirship, the construction of a will or the final distribution of the property, and it will, therefore, be necessary to serve them with

notice of the appeal in compliance with secs. 324.04 and 274.11 (1), Stats., in order to render the appeal effective. *Estate of Sveen,* 202 Wis. 573, 575, 232 N. W. 549; *Will of Levy,* 234 Wis. 31, 289 N. W. 666, 290 N. W. 613; *Estate of Pitcher, post,* p. 356, 2 N. W. (2d) 729.

The executors also contend that the appeal should be dismissed because appellant's failure until December 30, 1941, to cause the proper return of the record to be made to this court of the appeal perfected on September 4, 1941, constituted an inexcusable violation of Rule 4 of this court (sec. 251.254, Stats.), which reads:

"The appellant or plaintiff in error shall cause the proper return to be made to this court within twenty days after filing of the writ or perfecting the appeal."

As that rule was violated by the delay of eighty-five days after the return should have been made, the appeal will be dismissed on that ground unless $25 costs are paid to the executors' attorneys by appellant within twenty days after the filing of this opinion. In the event of compliance with these terms, an order denying the motion will be entered in the exercise of the discretion of this court under sec. 269.51, Stats.

*By the Court.*—Appeal dismissed, unless $25 costs are paid by appellant to the executors' attorneys within twenty days after the filing of this opinion.