ESTATE OF PITCHER: O'DEAL, Appellant, vs. HARTFORD, Executor, Respondent.

*February 10—May 5, 1942.*

*Artemas F. Berner* of Antigo, for the appellant.
*E. A. Morse* of Antigo, for the respondent.
The following opinion was filed March 10, 1942:

FRITZ, J.    The motion to dismiss the appeal must be granted.   Under the decision construing the will, and the order based thereon from which the claimant, Charles O'Deal, appealed, the legatees, who were given specific legacies by provisions in the will, are to be paid before any of the personal property can be used or applied in payment of the $1,000 note, which is secured by the mortgage on the homestead. Consequently, the interests of those legatees under the provisions of the will, as construed by the trial court in determining the intention of the testatrix, are adverse to the interests which Charles O'Deal claims to be entitled to under the will, and to secure which he has appealed in order to obtain a reversal of the order in question.   As the testatrix's intention in respect to the specific legacies given by the will would

be entirely defeated, and the legatees intended to be benefited thereby would receive nothing whatever if the order is reversed, as O'Deal contends it should be on his appeal, they are clearly parties whose interests in the order appealed from are in conflict with the reversal and modification sought by the appeal; and each of those legatees is therefore an "adverse party" within the meaning of that term as used in the provision that,—

"An appeal is taken by serving a notice of appeal, signed by the appellant or his attorney, on the adverse party and on the clerk of the court in which the judgment or order appealed from is entered. . . ." Sec. 274.11 (1), Stats. *Estate of Sveen,* 202 Wis. 573, 232 N. W. 549.

That provision is rendered applicable to appeals from the county court to this court by the provision in sec. 324.04, Stats., that,—

"(4) In all matters not otherwise provided for in this chapter relating to appeals from county courts to the supreme court, . . . the law and rules of practice relating to circuit courts shall govern."

In relation to the term "adverse party" as used in sec. 274.11 (1), Stats., we said in *Stevens v. Jacobs,* 226 Wis. 198, 201, 275 N. W. 555, 276 N. W. 638,—

"The words 'adverse party' in the appeal statute relative to serving notice above quoted includes each and every party whose interest on the face of the judgment is adverse to the interest of appellant. . . . The notice of appeal must be served on every party whose interest is adverse to the interest of appellants. *Rogers v. Shove,* 98 Wis. 271, 73 N. W. 989; *Green Lake County v. Waupaca County,* 113 Wis. 425, par. 3, Syl., 89 N. W. 549."

And, in holding an appeal from a final order of distribution ineffective because of the failure to serve notice thereof

on all adverse parties, we said in *Estate of Sveen, supra* (p. 575),—

"In this case there were fifty-seven distributees of the estate. Each and every one of these distributees is an adverse party. In order to give this court jurisdiction, service of the notice of appeal must be made upon each of them and such service must be made in such manner as the county court shall direct in writing. . . . It is apparent that in the present state of the record none of the real adverse parties are before us and we have no jurisdiction to adjudicate upon their interests."

Likewise, in respect to who must be served with notice in order to render effective an appeal from an order construing a will, we said in *Will of Levy,* 234 Wis. 31, 39, 289 N. W. 666, 290 N. W. 613,—

"Sec. 274.12, Stats., contemplates that all persons in any way interested adversely to the appellant in a matter brought up by appeal should be made parties to the appeal. As much reason existed for making the residuary legatees parties to the appeal as existed for making them parties to the proceeding in the first instance."

Because the service of a notice of appeal within the period allowed by statute is an absolute prerequisite of appeal, and this court is without jurisdiction to entertain an appeal which is ineffective because of the absence of service of notice thereof on all necessary adverse parties within the period prescribed therefor by the statute, we are without power to allow appellant to serve notice of appeal on such parties after the expiration of that period. In the absence of any jurisdiction in the matter, there are inapplicable the provisions in secs. 269.51 and 274.32, Stats., in relation to allowing defects or omissions in appeal papers to be supplied or amended, etc., when the appeal was attempted in good faith, but there was a defect or failure due to inadvertence. As we said in *Stevens v. Jacobs, supra* (p. 202),—

"Service of notice of appeal is an absolute prerequisite of appeal. It constitutes the appeal. We recently held in *Estate of Fish*, 200 Wis. 61, 63, 227 N. W. 272, where an appeal from a county court judgment had not been taken within the time therefor prescribed by statute, we were without jurisdiction to entertain it, and the parties could not confer jurisdiction upon us by stipulation or failure to object. Attention should perhaps be called to a statement in the opinion in *Estate of Sveen, supra*, in which reference to sec. 269.51, a statute similar to sec. 274.32, that where an appeal has been attempted in good faith 'this court has power "in its discretion to allow any defect or omission in the notice, undertaking or other appeal papers to be supplied, and with . . . the same effect as if the appeal had been originally properly taken." ' We are of opinion that the language of this statute does not reach the matter of serving a notice of appeal that has not been served within the statutory period. To give it that effect would be to give to the court the power to extend the time for taking an appeal, and that the court may not do." See also *Maas v. W. R. Arthur & Co.* 239 Wis. 581, 2 N. W. (2d) 238.

*By the Court.*—Appeal dismissed.

A motion for a rehearing was denied, with $25 costs, on May 5, 1942.