ESTATE OF KRAUSE: KRAUSE (IRMA) and another, Appellants, vs. KRAUSE (ELMER), Respondent.

*April 8—May 5, 1942.*

*Alfred W. Gerhard,* attorney, and *Brayton E. Smith,* guardian *ad litem,* both of Wausau, for the appellants.

For the respondent there was a brief by *Boileau & Loeffler* of Wausau, and oral argument by *Frank F. Loeffler.*

WICKHEM, J. Respondent moves to dismiss the appeal upon the grounds that appellants have no interests adverse to respondent and therefore have no standing to appeal within the meaning of sec. 324.01, Stats. This is a section authorizing appeals to the circuit and supreme courts from county court by any executor, administrator, guardian, trustee, or any person aggrieved by any order or judgment of the county court. Since this is an appeal from a judgment of the circuit court the further contention is implied that under sec. 274.10 permitting the review of any judgment upon appeal "by any party aggrieved" it is also inapplicable for the foregoing reasons. It is claimed that the matter is completely settled by an earlier appeal relating to the same estate. In *Will of Krause, ante,* p. 72, 2 N. W. (2d) 733, Irma Krause appealed from a judgment of the circuit court for Marathon county dismissing her claim for $6,300 against the estate of Fred W. Krause. Irma Krause served notices of appeal upon attorneys for the executors and guardian *ad litem.* There was a motion to dismiss based on her failure to serve the beneficiaries under Krause's will. The executors in that case, one of whom is

the claimant in this case, contended that the beneficiaries were all parties adverse to appellant, and that they should have been served with a notice of appeal; that the failure so to serve deprived this court of jurisdiction and required dismissal of the appeal under the doctrine of *Stevens v. Jacobs,* 226 Wis. 198, 202, 275 N. W. 555, 276 N. W. 638, in which this court stated:

"Service of notice of appeal is an absolute prerequisite of appeal. It constitutes the appeal."

And that of *Estate of Sveen,* 202 Wis. 573, 232 N. W. 549, in which case it was held that in order to give this court jurisdiction notice of appeal must be served upon all adverse parties. The contention of the executors was repudiated by the court upon the ground that the appraised value of the personal property of the estate appeared to be ample to satisfy all claims, including Mrs. Krause's claim, and that would be payable out of that property; that since all the personal property goes to the personal representatives and continues in their possession until a final order for distribution, the executor is the legal owner for the time being, and the only person adversely interested to the claimant. Compare *Estate of Pitcher, ante,* p. 356, 2 N. W. (2d) 729, where a contrary ruling of this court was based on the fact that the proceedings giving rise to the order amounted to a construction of the will, and that legatees and beneficiaries affected by the construction were so adverse in interest to the claimant as to require that each of them be served with a notice of appeal. It is claimed that since upon the previous appeal in the *Krause Case, supra,* the heirs and beneficiaries were held not to be adverse parties in such a sense as to require service of notice of appeal upon them, they are not aggrieved parties and hence have no standing to appeal.

It seems clear to us that respondent's conclusions do not follow from his premises. It is one thing to hold that the

beneficiaries, heirs, etc., are not adverse parties to an appellant in view of their complete representation by the executors and that it is not necessary to serve notices of appeal upon them. It is quite another thing to conclude from this that they never can be aggrieved parties under the terms of sec. 274.10 or sec. 324.01, Stats. Upon the former appeal, the claim of Mrs. Krause was disallowed and the heirs, creditors, legatees, could under no circumstances be aggrieved. Here, however, the claim was allowed and Mrs. Krause and at least the residuary legatees were certainly aggrieved. Mrs. Krause has elected to take by law rather than under the will and the amount of property to which her widow's percentage is to be applied will be reduced by the amount of this claim if finally allowed. The residuary legatees are subject to diminution of their shares by everything that is paid upon contested claims. Under these circumstances, we cannot doubt that appellants were aggrieved, although had the claim been disallowed neither would be adverse parties in the sense that notice of appeal must be served upon them.

For the foregoing reasons we are of the view that the motion to dismiss the appeal must be denied and we proceed to examine the merits of respondent's claim.

The facts are as follows: Fred W. Krause died testate September 5, 1940. He operated two businesses, one a general merchandise or department store; the other, a contracting business. Claimant is one of decedent's sons and for some twenty-one years prior to the death of decedent was employed as bookkeeper and department manager of the store. His brother and stepbrother also managed departments of the store. All three had drawing accounts, and the compensation of each for the preceding year was computed at the end of each year, and paid after deducting amounts previously drawn. This claim has to do with special services rendered by claimant to the father for keeping records of rents, interest, and other income, and for keeping books and supervising a

contract held by the father for the construction of a school in the city of Wausau. There is ample evidence to sustain the conclusion of the court that these services were rendered, and that they were worth the amount that was charged in the claim. The basis for this appeal is the assertion that since claimant was working for his father there is a presumption that the services were gratuitous, and an express promise to pay for the services is necessary in order to rebut the presumption of gratuity. We conclude that this is not a case for application of the doctrine contended for by appellants. The rule with reference to payment for services is thus stated in *Estate of Shimek,* 222 Wis. 98, 100, 266 N. W. 798:

" 'Where near relatives by blood or marriage reside together as one common family, and one of them renders services to another, and such other furnishes him board and lodging or other necessaries or comforts, a presumption arises that neither party intended to receive or to pay compensation for the services rendered on the one hand, or for the board and lodging or other necessaries or comforts on the other; that they were intended as mutual acts of kindness done or furnished gratuitously.' "

. The relations between these parties was of quite a different character. For some twenty years or so the claimant was actually an employee of his father in the store. He was married, lived away from home, and sold to his father his services as bookkeeper and business supervisor. It is important that these activities constituted his trade or occupation and that they had for years been rendered in his father's behalf for compensation. Claimant was asked by his father to render professional services outside of hours in another of his father's business enterprises—not merely to care for his father or to perform such services as are described in the *Shimek Case, supra.* Under these circumstances it is a permissible inference that his engagement for these services was on the same basis as his engagement in the store—one for compensation

or hire. While there is no direct evidence of an express contract, it was testified that about the time these extra services were beginning to be rendered the father told the son that he need not pay a note to the father because he was working for the father, and the latter might very well owe him money which would balance this account. Upon the evidence as a whole we conclude that the finding that claimant's services were not gratuitously rendered is not against the great weight and clear preponderance of the evidence.

*By the Court.*—Judgment affirmed.