WILL OF STEINDORFF: JOHNSON, Executor, and others, Appellants, vs. HUGHES, Respondent.

*December 8, 1942—January 12, 1943.*

For the appellants there was a brief by *Doar & Knowles* of New Richmond and *E. Nelton* of Balsam Lake, and oral argument by *W. T. Doar*.

*Tom L. Yates* of Amery, for the respondent.

FRITZ, J. The administrator contends that this appeal must be dismissed on the ground that this court has not acquired jurisdiction because of the failure of appellants to serve a notice of their appeal upon four sisters and nine nieces and nephews of Edith A. Steindorff, deceased, who, together with Caroline Hughes, another sister of the deceased, constituted heirs at law and were entitled as such heirs to inherit her property if she died intestate, as was determined by the court in the judgment from which appellants appeal. The administrator's contention must be sustained in view of the undisputed facts that there was no timely service of the notice of appeal upon the four sisters and nine nieces and nephews, although they, as was stated in the court's findings and also the judgment, were the surviving heirs at law of the deceased, in addition to the sister Caroline Hughes, who was served. As such heirs at law all of them are clearly parties whose

interests in and under the judgment appealed from are in conflict with the reversal thereof sought on this appeal. Consequently each and every one of them is an "adverse party" within the meaning of that term as used in the provision that,—

"An appeal is taken by serving a notice of appeal, signed by the appellant or his attorney, on the adverse party and on the clerk of the court in which the judgment or order appealed from is entered. . . ." (Sec. 274.11 (1), Stats.)—

and as construed and applied in *Stevens v. Jacobs,* 226 Wis. 198, 201, 275 N. W. 555, 276 N. W. 638; *Estate of Sveen,* 202 Wis. 573, 232 N. W. 549; *Estate of Pitcher,* 240 Wis. 356, 360, 2 N. W. (2d) 729. As that provision in sec. 274.11 (1), Stats., is rendered applicable to appeals from the county court to this court by the provision in sec. 324.04, Stats., which is quoted in *Estate of Pitcher, supra,* and as for the reasons stated in the cases cited above, the timely service of a notice of an appeal on all necessary adverse parties is an absolute requisite of an appeal, and in the absence of such service the appeal is ineffective and the court is without jurisdiction thereof, the appeal in question cannot be entertained.

*By the Court.*—Appeal dismissed.

BARLOW, J., took no part.