GUARDIANSHIP OF BARNES: GALSTER, Appellant, vs. FIRST NATIONAL BANK OF KENOSHA, Guardian, Respondent.

*September 15—October 11, 1955.*

For the appellant there was a brief by *Lucareli & Lucareli,* and oral argument by *V. J. Lucareli* and *Arthur Lucareli,* all of Kenosha.

For the respondent there was a brief by *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *William A. Sheldon.*

BROADFOOT, J.   Upon this appeal Mrs. Galster challenges the jurisdiction of the court to enter an order determining the rights of interested parties and administering and dis-

posing of the estate of the ward in the guardianship proceedings. This question has been before this court several times. In the case of *Glasspoole v. McGuine*, 143 Wis. 294, 295, 127 N. W. 997, this court said:

"It is unnecessary to state the facts in detail. There are two questions presented by the record, viz.: (1) Can the accounts of the guardian of an insane ward be adjusted by the county court after the decease of the ward in a proceeding to which the guardian and the heir of the ward are the only parties, without any administration of the estate of the ward? (2) In such a proceeding can the county court render judgment directly in favor of the heir and against the guardian for the amount found due by the guardian to his ward's estate? Both of these questions must be answered in the negative. At the death of the ward the powers of the guardian ceased, the real estate descended to the heirs of the ward and the personal property to his personal representative (when appointed), in the same manner as if the ward had been sane. Sec. 3988, Stats. (1898). It follows necessarily that until the appointment of an administrator there was no person to be accounted with. The heir had no title to the personal property, no authority to represent the estate, and was entitled to no judgment against the guardian, however much the guardian may have been indebted to the estate."

In *Estate of Jacobus*, 214 Wis. 143, 150, 252 N. W. 583, this court also stated:

"As no legal transfer or assignment of the funds in the possession of Kipp as guardian had been made or effected to the trustees up to the time of Mrs. Jacobus' death, the legal title thereto was still in her when she died, and upon her death it passed, just as if there had been no guardianship proceedings, to her personal representative to be appointed to administer her estate. Upon her death the powers of the guardian ceased. Thereafter he had no authority or power, and could not legally transfer or assign the fund in her name to the trustees. He could only account and turn over to the representative of her estate in probate the money which he,

as guardian, had received and deposited in the bank. *Glasspoole v. McGuine,* 143 Wis. 294, 127 N. W. 997; *Estate of Kirkendall,* 43 Wis. 167, 179; *Murphy v. Hanrahan,* 50 Wis. 485, 490, 7 N. W. 436; *Buttles v. De Baum,* 116 Wis. 323, 93 N. W. 5; *Stehn v. Hayssen,* 124 Wis. 583, 102 N. W. 1074; *Palmer v. O'Rourke,* 130 Wis. 507, 110 N. W. 389. Consequently the order appealed from is erroneous in so far as it required Kipp, as the general guardian, to pay directly to the trustees all moneys remaining in the guardianship estate, after paying the amounts allowed to him in his guardianship account."

For the reasons stated in said cases and other cases cited therein, it is clear that the order dated February 1, 1955, purporting to determine the rights of the interested parties, was erroneously entered. The powers of the guardian ceased at the death of the ward. The guardianship account must be settled with the personal representative of the deceased, when appointed, and all property found to be in the hands of the guardian, after payment of the expenses of the guardianship, must be turned over to such personal representative.

The guardian moved that the appeal be dismissed on the ground that Violet Galster was not an aggrieved person and, therefore, had no right to appeal. It is apparent that Mrs. Galster, as the sole heir of her father, had an interest in any property owned by her father at the time of his death. She was recognized as an interested party in the order for the hearing on the guardian's final account. It is apparent that any determination of the rights of interested parties could affect her adversely by diminishing the share of the estate to which she might be entitled. Under the rule established in *Estate of Krause,* 240 Wis. 502, 3 N. W. (2d) 696, she was a party aggrieved and was entitled to appeal.

*By the Court.*—The motion to dismiss the appeal is denied. Order reversed, and cause remanded for further proceedings in accordance with this opinion.